**NOT FOR PUBLICATION**

**FILED**

MAR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO CARRERA NORIEGA, | No.   16-70590 |
| Petitioner, | Agency No. A095-738-046 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2019[**]
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and DRAIN,[***] District Judge.

Sergio Carrera Noriega (Noriega), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) decision to pretermit Noriega's application for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

cancellation of removal because he lacked a continuous physical presence in the United States for ten years. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

1.     Noriega waived any argument that his 2007 departure did not exceed ninety days because he failed to raise the BIA's conclusion before us. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). Even if he had not waived his appeal of this issue, the IJ's finding that Noriega failed to meet his burden of showing that his absence from the United States in 2007 was fewer than ninety days was supported by substantial evidence. Noriega was therefore ineligible for cancellation of removal on this ground. 8 U.S.C. § 1229b(d)(2); 8 C.F.R. § 1240.8(d).

2.     Substantial evidence also supports the BIA's finding that Noriega "knowingly and voluntarily accepted administrative voluntary departure," which constitutes a break in the continuous physical presence requirement for cancellation of removal. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir. 2006). Noriega testified that he chose to leave voluntarily in order to avoid detention. Furthermore, Noriega signed a form in Spanish—a language in which he can read and write—acknowledging that he had a right to appear before an IJ. Accordingly, the BIA did not violate Noriega's due process rights. Noriega testified in front of the IJ regarding the knowing nature of his voluntary departure,

2

and the BIA properly found that Noriega elected voluntary departure knowingly and voluntarily. *Ibarra-Flores*, 439 F.3d at 621.

**PETITION DENIED.**